UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6112-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOEL HERNANDEZ-CASTELLANOS

Defendant.
_____/



## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, Joel Hernandez-Castellanos, through undersigned counsel, files his objections to the Pre-sentence Investigation Report (PSI) and respectfully moves for a downward departure from the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

#### Acceptance of Responsibility

Mr. Hernandez-Castellanos objects to the probation officer's failure to decrease the base offense level by three levels for acceptance of responsibility. See PSI ¶¶ 18 -19. The probation officer only decreased the offense level by two levels pursuant to U.S.S.G. § 3E1.1(a). Mr. Hernandez-Castellanos is entitled to a three level decrease because he timely provided the government with complete information concerning his involvement in the offense and timely notified the government of his intention to plead guilty. See U.S.S.G. § 3E1.1(b). The undersigned



has contacted Assistant United States Attorney Bertha Mitrani, the prosecutor handling this case for the government, and Ms . Mitrani does not contest Mr. Hernandez-Castellanos' position with respect to this issue.

## Safety Valve

Mr. Hernandez-Castellanos objects to the probation officer's failure to decrease the offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(6). If a defendant meets the criteria set forth in U.S.S.G § 5C1.2, the "safety valve" provision, and the offense level is 26 or greater, the offense is to be decreased by two levels. See U.S.S.G. § 2D1 1(b)(6). Mr. Hernandez-Castellanos meets the criteria set forth in U.S.S.G 5C1.2.

Mr. Hernandez-Castellanos has no prior criminal record; used no violence or threat of violence in connection with the offense; was not a leader, organizer, manager, or supervisor; the offense did not result in death or serious injury; timely provided the government with all the information and evidence he has concerning the offense; and the base offense level for this offense is 26. Therefore, Mr. Hernandez-Castellanos' offense level should be reduced two levels pursuant to U.S.S.G. § 2D1.1(b)(6). The undersigned has contacted Assistant United States Attorney Bertha Mitrani, the prosecutor handling this case for the government, and Ms. Mitrani does not contest Mr. Hernandez-Castellanos' position with respect to this issue.

## Role Adjustment

Mr. Hernandez-Castellanos objects to the Probation Officer's failure to recommend a role reduction pursuant to U.S.S.G. § 3B1.2(b), which states: "If the defendant was a minor participant in any criminal activity, decrease by two levels." The accompanying commentary to U.S.S.G. §

2

3B1.2(b) states: " For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Mr. Hernandez-Castellanos respectfully submits that he is entitled to a 2 level minor role reduction.

The offense conduct section of the PSI establishes that Mr. Hernandez-Castellanos was no more than a courier. Ms. Hernandez-Castellanos' status as a courier does not presumptively preclude him from being considered as a minimal or minor participant. See United States v. De Varon, 175 F.3d 930, 943 (11th Cir 1999). In determining whether a drug courier is entitled to a role reduction, the district court should consider the following: the amount of drugs, the fair marker value of the drugs, the equity interest in the drugs, the amount of drugs, role in planning the criminal scheme and role in the distribution. See Id. at 945.

In this case, Mr. Hernandez-Castellanos was recruited as a drug courier for a single smuggling transaction involving less that two kilograms of cocaine. Ms. Hernandez-Castellanos was only to be paid $2,000.00 for his role in the offense. Mr. Hernandez-Castellanos did not participate in the planning of the smuggling transaction. Mr. Hernandez-Castellanos' knowledge and understanding of the scope and structure of the enterprise was limited. Accordingly, Mr. Hernandez-Castellanos respectfully requests the Court to grant him a two level reduction as a minor participant pursuant to U.S.S.G. 3B1.2(b).

## Base Offense Level Calculation

Mr. Hernandez-Castellanos respectfully objects to paragraphs 11, 41 and 42 of the Pre-sentence Investigation Report, which state that the base offense level is 26, the maximum penalty for the offense is 40 years, and that his guideline range is 46-57 months. Mr Hernandez-Castellanos

3

contends that the statutory maximum for this offense as alleged in the indictment is 20 years. Furthermore, as no amount of cocaine was either pled in the indictment or proven, his base offense level would be the minimum or a base offense level 12. Thus, the adjusted guideline range is 4-10 months.

Mr. Hernandez-Castellanos pled guilty to a one count indictment that charged him with attempting to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 963. The penalties for violating sections 952(a) and 963 are outlined in 21 U.S.C. § 960.

The statutory scheme of Title 21 U.S.C. § 960 essentially creates three separate offenses for cocaine importation under three subparagraphs. Subparagraph (b)(1)(A) makes it illegal to import in excess of 5 kilograms of cocaine. The statutory maximum for that offense is life. The mandatory minimum is 10 years. Subparagraph (b)(1)(B) makes it illegal to import in excess of 500 grams of cocaine The statutory maximum for that offense is 40 years with a mandatory minium of 5 years. Subparagraph (b)(1)(C) makes it illegal to import cocaine in amounts not covered by subparagraphs (A) and (B). The statutory maximum is 20 years with no mandatory minimum.

In the indictment, the government charged Mr. Hernandez-Castellanos with attempting to import cocaine. The government failed to charge in the indictment the amount of the cocaine attempted to be imported The indictment thus charged Mr. Hernandez-Castellanos with the crime described in 21 U.S.C. § 841(b)(1)(C) and not with the crimes described in subparagraphs (A) or

4

(B).[1]  Mr. Hernandez-Castellanos entered a guilty plea to an offense with a statutory maximum sentence of 20 years.

Specifically, the Supreme Court recently ruled that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi v. New Jersey, 120 S. Ct. 2348, 2363 ( 2000). In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the indictment. Id. at 2362, n.15 ; *see also* U.S. Const. amend. V.

In his concurring opinion, Justice Thomas concluded that after an exhaustive review of 200 years of precedent, the majority decision in Apprendi, "far from being a sharp break with the past, marks nothing more than a return to the status quo ante – the status quo that reflected the original meaning of the Fifth and Sixth Amendments." Id. at 2378.

Specifically, the concurring opinion states:

> In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime . . ..
> Thus, it is critical to know which facts are elements.
>
> \*   \*   \*
>
> A long line of essentially uniform [Supreme Court] authority . . . establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the

---

[1]  Referencing subparagraph (b)(1)(B) by letter and number in the indictment is not sufficient. An indictment "must set forth each element of the crime that it charges." Hamling v. United States, 418 U.S. 87, 117 (1974).

5

> fact of a prior conviction – the core crime and the aggravating fact
> together constitute an aggravated crime, just as much as grand larceny
> is an aggravated form of petit larceny. The aggravating fact is an
> element of the aggravated crime. Similarly, if the legislature, rather
> than creating grades of crimes, has provided for setting the
> punishment of a crime based on some fact . . . that fact is also an
> element.

Id. at 2368-69.

Just three days after its decision in Apprendi, the Supreme Court applied the reasoning and

holding of Apprendi to the issue of whether the structure of 21 U.S.C. § 841(b)(1) creates separate

offenses or just one offense with several sentencing enhancements. In United States v. Jones, the

Tenth Circuit held that § 841(b)(1) sets forth sentencing factors and not elements of separate

offenses, and therefore, the court concluded that drug quantities did not have to be charged in the

indictment and determined by a jury but could instead be determined by the judge at sentencing. See

United States v. Jones, 194 F.3d 1178, 1185-86 (10th Cir. 1999). Applying Apprendi, the Supreme

Court vacated the Tenth Circuit's decision in Jones and remanded the case to the Tenth Circuit "for

further consideration in light of Apprendi." Jones v. United States, 128 S. Ct. 2739, (2000). The

actions of the Supreme Court in Jones strongly suggest that the reasoning of Apprendi applies to an

analysis of § 960(b)(1) and that the various drug quantities enumerated in § 960(b)(1) are elements

of separate offenses that must be charged in the indictment and found beyond a reasonable doubt by

a jury.

Applying the reasoning of Apprendi, Mr. Hernandez-Castellanos entered a guilty plea to the

lesser crime of 21 U.S.C. § 960(b)(1)(C) and not to the aggravated crime of § 960(b)(1)(B). Under

the reasoning of Apprendi, that aggravating factor is an essential element of the offenses established

6

in § 960(b)(1)(A) and (B). Therefore it must be properly charged in the indictment. See Apprendi, 120 S.Ct. at 2362, n.15; Hamling, 418 U.S. at 117.

Specifically, the amount of cocaine in the present case is a fact that "increases the prescribed range of penalties to which [Mr. Hernandez-Castellanos] is exposed," and thus it has to be charged in the indictment and proven beyond a reasonable doubt. See id. For example, under the Sentencing Guidelines, a conviction for a drug offense involving less than 25 grams of cocaine, a violation of 21 U.S.C. § 960(b)(1)(C), yields a base offense level of 12. See U.S.S.G. § 2D1.1(c)(14). For a defendant with a criminal history category of one, that corresponds to a prescribed range of 10-16 months. An increase in the amount of cocaine to 500 grams of cocaine, a violation of § 960(b)(1)(B), has a corresponding increase in the offense level to 26 and a corresponding increase in the prescribed range of penalties to 70-87 months. See U.S.S.G. § 2D1.1(c)(7).

Because the aggravating factor, the amount of cocaine, was not charged in the indictment, the amount cannot be used to calculate the sentence for Mr. Hernandez-Castellanos. See Apprendi, 120 S.Ct. at 2362-63. This Court is thus bound by the offense charged in the indictment and plead to by Mr. Hernandez-Castellanos, a drug importation offense involving an undetermined amount of cocaine. In order to comply with the strictures of Apprendi and not apply an aggravating factor that was not charged in the indictment, this Court must calculate Mr. Hernandez-Castellanos's sentence using a base offense level of 12 which corresponds to the lowest allowable amount of cocaine. See U.S.S.G. § 2D1.1(c)(14).

In addition to the plain language and straightforward logic of Apprendi, the basic structure of the Sentencing Guidelines demonstrates that the holding of Apprendi applies to Mr. Hernandez-

7

Castellanos's sentencing. In Chapter 1, Part A of the U.S.S.G. manual, the Sentencing Guidelines

Commission describes the theory and methodology utilized in crafting the present guidelines. Under

a heading entitled, "The Basic Approach", the commission writes:

> In its initial set of guidelines, the Commission sought to solve both
> the practical and philosophical problems of developing a coherent
> sentencing system by taking an empirical approach that used as a
> starting point data estimating pre-guidelines sentencing practice. It
> analyzed data drawn from 10,000 pre-sentence investigations, the
> differing elements of various crimes as distinguished in substantive
> criminal statutes, the United States Parole Commission's guidelines
> and statistics, and data from other relevant sources in order to
> determine which distinctions were important in pre-guidelines
> practice. After consideration, the Commission accepted, modified,
> or rationalized these distinctions.

U.S.S.G. Chapter 1, Part A (emphasis added).

Further, the Commission states:

> The Commission did not simply copy estimates of pre-guidelines
> practice as revealed by the data, even though establishing offense
> values on this basis would help eliminate disparity because the data
> represent averages. Rather, it departed from the data at different
> points for various important reasons. Congressional statues, for
> example, suggested or required departure, as in the case of the Anti-
> Drug Abuse Act of 1986 that imposed increased and mandatory
> minimum sentences.

Id. (emphasis added).

Additionally, in describing how the respective base offense levels came into being the

Commission explains:

> In determining the appropriate sentencing ranges for each offense, the
> Commission estimated the average sentences served within each
> category under the pre-guidelines sentencing system. It also
> examined the sentences specified in federal statutes, in the parole
> guidelines, and in other relevant, analogous sources. The

8

Commission's Supplementary Report on the Initial Sentencing Guidelines (1987) contains a comparison between estimates of pre-guidelines sentencing practice and sentences under the guidelines.

Id. (emphasis added).

Clearly, the foundation of the guidelines and the specific offense levels themselves are predicated, at least in part, on the sentences contained in the federal statutes and with the mandatory minimum provisions. This is why base offense levels for drugs are higher than those for fraud or immigration offenses. As an example, the minimum offense level for any cocaine distribution offense would be 12, as argued in the instant case. The minimum offense level for a fraud case is 6, U.S.S.G. § 2F1.1, and for an immigration case is 8. U.S.S.G. 2L1.2. Obviously, the Commission created offense levels that reflect the higher statutory penalties associated with drugs than with fraud and immigration.

It follows then that the logic of Apprendi would extend to the guidelines. The amount of contraband triggers an aggravated penalty and a commensurate increase in the sentencing guidelines base offense level which results in a higher penalty. This higher guideline sentence could extend beyond a statutory maximum. It is the amount that triggers this result. That amount is not charged in the indictment. This is the heart of the Apprendi ruling that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi, 120 S.Ct. at 2363.

In sum, because the indictment failed to charge a specific amount of cocaine, this Court cannot use the amount of cocaine to "increase the range of penalties to which [Mr. Hernandez-Castellanos] is exposed." See id. This Court must, therefore, calculate Mr. Hernandez-Castellanos's

9

sentence using a base offense level of 12. See U.S.S.G. § 2D1.1(c)(14). The correct final guidelines range for Mr. Hernandez-Castellanos is thus 4-10 months.

## MOTION FOR DOWNWARD DEPARTURE

Mr. Hernandez-Castellanos moves for a downward departure from the otherwise applicable guideline offense level because on his extraordinary family responsibilities and circumstances.

While the Sentencing Guidelines provide that family ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, see U.S.S.G. §§ 5H1.4 and 5H1.6, district courts may depart downward from the applicable guideline range upon a showing of extraordinary circumstances. See United States v. Cacho, 951 F.2d 308, 311 (11th Cir. 1992). In United States v. Koon, 116 S.Ct 2035 (1996), the Supreme Court stated that discouraged downward departure factors (such as family responsibilities) can serve as basis for downward departures in exceptional cases. See Koon, 116 S.Ct. 2045. Federal courts have particularly found departures warranted in cases where a defendant's incarceration would cause harm to vulnerable and dependent children. See, e.g., United States v. Gauvin 173 F.3d 798 (10th Cir. 1999); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1997); United States v., Wehrbein, 61 F.Supp.2d 958 (D. Neb 1999). This is a case in which a downward departure is warranted.

Mr. Hernandez-Castellanos is the father of three young children, ages 11, 3 and 1. His wife, Crisanta Hernandez is unable to work due to a spinal injury. Attached as exhibits 1-4 are copies of Mr. Hernandez-Castellanos' marriage certificate and the childrens' birth certificates. In a letter attached as exhibit 5, Ms. Hernandez describes in detail how difficult it is to raise and provide for the children without the financial and parental support of Mr. Hernandez. Ms. Hernandez explains

10

that she is several months behind on the rent for the boarding house where she lives with the

children. Ms. Hernandez is afraid that she and the children will be evicted and forced to live on the

streets of Mexico. Mr. Hernandez-Castellanos's respectfully submits that his family responsibilities

and circumstances case are sufficiently extraordinary to remove it from the heartland of the typical

cocaine importation case.

## Conclusion

Mr. Hernandez-Castellanos respectfully request that this court sustain his objections to the

Pre-sentence Investigation Report and grant his Motion for Downward Departure and impose a

sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 NE 3rd Avenue
Suite 202
Ft. Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 29th day of September, 2000 to Assistant United States Attorney Bertha Mitrani, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301 and to Edward Cooley, United States Probation Office, 299 E. Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301.

Daryl E. Wilcox

S:\WILCOX\hernandez castellanos\OBJ-PSI.wpd

12

# ESTADOS UNIDOS MEXICANOS

REGISTRO CIVIL
ESTADO DE SINALOA

**A** 453620

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE SINALOA Y COMO OFICIAL __-04__

DEL REGISTRO CIVIL DE ESTE MUNICIPIO CERTIFICO: SER CIERTO QUE EN EL LIBRO NUMERO __-02__

DE NACIMIENTOS DE LA OFICIALIA DEL REGISTRO CIVIL QUE ES A MI CARGO, EN LA FOJA __565__

SE ENCUENTRA ASENTADA EL ACTA NUMERO __00565__ LEVANTADA EL DIA __28-06-1998__

POR EL C. OFICIAL DEL REGISTRO CIVIL __LIC.LUIS ALBERTO GARCIA PEINADO.__

EN LA CUAL SE CONTIENEN LOS SIGUIENTES DATOS:

## ACTA DE NACIMIENTO

| MARIO ALEJANDRO | CRUZ | HERNANDEZ |
|---|---|---|
| NOMBRE | PRIMER APELLIDO | SEGUNDO APELLIDO |

FECHA DE NACIMIENTO __7 DE MAYO DE 1998__ HORA __23:50__

PRESENTADO: VIVO ⓧ  MUERTO ◯  SEXO: MASCULINO ⊗  FEMENINO ◯

LUGAR DE NACIMIENTO __VILLA UNION,MAZ,SINALOA.__

COMPARECIO: EL PADRE ◯  LA MADRE ◯  AMBOS ⊗  PERSONA DISTINTA ◯  REGISTRADO ◯

### PADRES

NOMBRE __PEDRO CRUZ SANCHEZ__ EDAD __21__ NACIONALIDAD __mexicana__

NOMBRE __CRISANTA HERNANDEZ TAPIA__ EDAD __21__ NACIONALIDAD __mexicana__

### ABUELOS

ABUELO PATERNO __PEDRO CRUZ CASTAÑEDA__ NACIONALIDAD __mexicana__

ABUELA PATERNA __SILVIA SANCHEZ RODRIGUEZ__ NACIONALIDAD __mexicana__

ABUELO MATERNO __INOCENTE HERNANDEZ MARTINEZ__ NACIONALIDAD __mexicana__

ABUELA MATERNA __FRANCISA TAPIA BARRON__ NACIONALIDAD __mexicana__

### TESTIGOS

NOMBRE __DANIEL ALBERTO AYALA LUNA__ EDAD __23__ NACIONALIDAD __mexicana__

NOMBRE __MARIA DEL PILAR DIAZ ROJAS__ EDAD __20__ NACIONALIDAD __mexicana__

No. DE CERTIFICADO DE NACIMIENTO __- -__ C.U.R.P. __250120489005660__

### PERSONA DISTINTA DE LOS PADRES QUE PRESENTA AL REGISTRADO

NOMBRE __-__ EDAD __-__ PARENTESCO __-__

SE EXTIENDE ESTA CERTIFICACION, EN CUMPLIMIENTO DEL ARTICULO 47 DEL CODIGO

CIVIL VIGENTE EN EL ESTADO, EN __VILLA UNION,MAZ,SINALOA.__

A LOS __28__ DIAS DEL MES DE __agosto__

DE __2000__ DOY FE.

EL OFICIAL __04__ DEL REGISTRO CIVIL

__LIC.LUIS ALBERTO GARCIA PEINADO.__

NOMBRE                    FIRMA

SELLO DE LA OFICIALIA DEL REGISTRO CIVIL

DEFENDANT'S EXHIBIT 1

HID-09

**TRANSLATION FROM SPANISH INTO ENGLISH**

Coat of Arms of the Republic of Mexico.
**ESTADOS UNIDOS MEJICANOS**

Civil Registry
State of Sinaloa

A - 453620

In the name of the free and sovereign State of Sinaloa and as Clerk No. _04_ of the Civil Registry of this municipality, I hereby certify: that Book No._02_ of the Records of Births of this Office of the Civil Registry under my charge, page __565_, shows an entry number _88565_, recorded on ___06/28/1990_ by the clerk of the Civil Registry __LUIS ALBERTO GARCIA PEINADO_ that contains the following information:

---

### BIRTH CERTIFICATE

| MARIO | ALEJANDRO | CRUZ | HERNANDEZ |
|---|---|---|---|
| Name | Middle Name | Father's Surname | Mother's Surname |

Date of Birth:_____MAY 7, 1990_____          Time: ___20:40____
Shown:        Alive (x)      Dead ( )              Sex:   Male (x)      Female ( )
Place of Birth: _____VILLA UNION, MAZ, SINALOA_____
Appearance by: father ( )     mother ( )     both ( x )   other ( )    individual registered ( )

#### PARENTS
Name __PEDRO CRUZ SANCHEZ_____ Age __21__   Nationality ___MEXICAN___
Name __CRISANTA HERNANDEZ TAPIA____ Age __21__   Nationality ___MEXICAN___

#### GRANDPARENTS
Paternal grandfather ___PEDRO CRUZ CASTAÑEDA_____   Nationality ___MEXICAN___
Paternal grandmother __SILVIA SANCHEZ RODRIGUEZ_____   Nationality ___MEXICAN___
Maternal grandfather __INOCENTE HERNANDEZ MARTINEZ Nationality ___MEXICAN___
Maternal grandmother__FRANCISCA TAPIA BARRON_____   Nationality ___MEXICAN___

#### WITNESSES
Name __DANIEL ALBERTO AYALA LUNA__ Age __23__   Nationality ___MEXICAN___
Name __MARIA DEL PILAR DIAZ ROJAS____ Age __28__   Nationality ___MEXICAN___
Birth Certificate Number _____ C.U.R.P. __2501204890??566?_____
Person other than the parents presenting the individual whose birth is being registered
Name: _____ Age _____   Relation _____

---

**Translation and Interpretation Unit • Office of the Federal Public Defender**



DEFENDANT'S EXHIBIT
1

**TRANSLATION FROM SPANISH INTO ENGLISH**

This certificate is issued pursuant to Article 47 of the State Civil Code in effect, at __VILLA UNION, MAZ, SINALOA__ on the _28th_ day in the month of __August, 2000__ .

Clerk of the Civil Registry

| LUIS ALBERTO GARCIA PEINADO | /s/ Signature |
|---|---|
| Name | Signature |

Seal of the Office of the Civil Registry.
The document bears an impression of the inking seal of the Civil Registry.

# ESTADOS UNIDOS MEXICANOS

## REGISTRO CIVIL
### ESTADO DE SINALOA

**M** 496088

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE SINALOA Y COMO OFICIAL ___10___
DEL REGISTRO CIVIL DE ESTE MUNICIPIO CERTIFICO: SER CIERTO QUE EN EL LIBRO NUMERO
___06___ DE NACIMIENTOS DE LA OFICIALIA DEL REGISTRO CIVIL QUE ES A MI
CARGO, EN LA FOJA ___258001___ SE ENCUENTRA ASENTADA EL ACTA NUMERO _01772_
LEVANTADA EL DIA _25_ _11_ _97_ , POR EL C. OFICIAL DEL REGISTRO
CIVIL ___LIC. MARIA GUADALUPE DELGADO VELEZ.___
EN LA CUAL SE CONTIENEN LOS SIGUIENTES DATOS:

## ACTA DE NACIMIENTO

| MISAEL LEVIT | HERNANDEZ | HERNANDEZ |
|---|---|---|
| NOMBRE | PRIMER APELLIDO | SEGUNDO APELLIDO |

FECHA DE NACIMIENTO ___16 DE OCTUBRE DE 1997___ HORA ___20.40___

PRESENTADO: VIVO (✓) MUERTO ( ) SEXO: MASCULINO (✓) FEMENINO ( )

LUGAR DE NACIMIENTO ___MAZATLAN___ ___SINALOA___

COMPARECIO: EL PADRE ( ) LA MADRE (✓) AMBOS ( ) PERSONA DISTINTA ( ) REGISTRADO ( )

### PADRES

NOMBRE ___JOEL HERNANDEZ CASTELLANOS___ EDAD _29_ NACIONALIDAD ___MEXICANA___

NOMBRE ___CRISANTA HERNANDEZ TAPIA___ EDAD _29_ NACIONALIDAD ___MEXICANA___

### ABUELOS

ABUELO PATERNO ___JOSE ROSARIO HERNANDEZ.___ NACIONALIDAD ___MEXICANA___

ABUELA PATERNA ___SOLEDAD CASTELLANOS.___ NACIONALIDAD ___"___

ABUELO MATERNO ___INOCENTE HERNANDEZ MARTINEZ___ NACIONALIDAD ___"___

ABUELA MATERNA ___FRANCISCA TAPIA BARRON___ NACIONALIDAD ___"___

### TESTIGOS

NOMBRE ___GABRIELA HERNANDEZ___ EDAD _26_ NACIONALIDAD ___"___

NOMBRE ___MIRLA DIAZ___ EDAD _19_ NACIONALIDAD ___"___

No. DE CERTIFICADO DE NACIMIENTO _____ C.U.R.P. 25012109701772 4

#### PERSONA DISTINTA DE LOS PADRES QUE PRESENTA AL REGISTRADO

NOMBRE _____ EDAD _____ PARENTESCO. _____

SE EXTIENDE ESTA CERTIFICACION, EN CUMPLIMIENTO DEL ARTICULO 47 DEL
CODIGO CIVIL VIGENTE EN EL ESTADO, EN ___MAZATLAN___ ___SINALOA___
___MEXICO___ A LOS _25_ DIAS DEL MES DE ___NOVIEMBRE___
DE _1997_ . DOY FE.

EL OFICIAL ___10___ DEL REGISTRO CIVIL
LIC. MARIA GUADALUPE DELGADO VELEZ.

| NOMBRE | FIRMA |
|---|---|

SELLO DE LA OFICIALIA DEL REGISTRO CIVIL

**DEFENDANT'S EXHIBIT**
**2**

HID-09

**TRANSLATION FROM SPANISH INTO ENGLISH**

Coat of Arms of the Republic of Mexico.
**ESTADOS UNIDOS MEJICANOS**

Civil Registry
State of Sinaloa

M - 496088

In the name of the free and sovereign State of Sinaloa and as Clerk No. 10 of the Civil Registry of this municipality, I hereby certify: that Book No. __06__ of the Records of Births of this Office of the Civil Registry under my charge, page __258001__, shows an entry number __01771__, recorded on __11/25/97__ by the clerk of the Civil Registry __MARIA GUADALUPE DELGADO VELEZ__ that contains the following information:

BIRTH CERTIFICATE

| MISAEL | LEVIT | HERNANDEZ | HERNANDEZ |
|---|---|---|---|
| Name | Middle Name | Father's Surname | Mother's Surname |

Date of Birth: __OCTOBER 16, 1997__    Time: __20:40__
Shown:    Alive (x)    Dead ( )    Sex:    Male (x)    Female ( )
Place of Birth: __MAZATLAN__    SINALOA
Appearance by: father ( )    mother (x)    both ( )    other ( )    individual registered ( )

PARENTS
Name __JOEL HERNANDEZ CASTELLANOS__ Age __29__    Nationality __MEXICAN__
Name __CRISANTA HERNANDEZ TAPIA__ Age __29__    Nationality __MEXICAN__

GRANDPARENTS
Paternal grandfather __JOSE ROSARIO HERNANDEZ__    Nationality __MEXICAN__
Paternal grandmother __SOLEDAD CASTELLANOS__    Nationality __MEXICAN__
Maternal grandfather __INOCENTE HERNANDEZ MARTINEZ__ Nationality __MEXICAN__
Maternal grandmother __FRANCISCA TAPIA BARRON__    Nationality __MEXICAN__

WITNESSES
Name __GABRIELA HERNANDEZ__    Age __26__    Nationality __MEXICAN__
Name __MIRLA DIAZ__    Age __19__    Nationality __MEXICAN__
Birth Certificate Number ____    C.U.R.P. __25012109701772  4__
Person other than the parents presenting the individual whose birth is being registered
Name: ____    Age ____    Relation ____

**Translation and Interpretation Unit • Office of the Federal Public Defender**

DEFENDANT'S
EXHIBIT
__2__

**TRANSLATION FROM SPANISH INTO ENGLISH**

This certificate is issued pursuant to Article 47 of the State Civil Code in effect, at _
MAZATLAN  SINALOA    MEXICO    on the   25th  day in the month of __November, 1997

—

Clerk of the Civil Registry
_____MARIA GUADALUPE DELGADO VELEZ_____  /s/ Signature_____
Name                                            Signature

Seal of the Office of the Civil Registry.
The document bears an impression of the inking seal of the Civil Registry.

# ESTADOS UNIDOS MEXICANOS



REGISTRO CIVIL
ESTADO DE SINALOA

**A** 563678

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE SINALOA Y COMO OFICIAL ___10___

DEL REGISTRO CIVIL DE ESTE MUNICIPIO CERTIFICO: SER CIERTO QUE EN EL LIBRO NUMERO ___04___

DE NACIMIENTOS DE LA OFICIALIA DEL REGISTRO CIVIL QUE ES A MI CARGO, EN LA FOJA ___337510___

SE ENCUENTRA ASENTADA EL ACTA NUMERO ___00965___ LEVANTADA EL DIA ___29-06-99___

POR EL C. OFICIAL DEL REGISTRO CIVIL ___LIC. MARIA GUADALUPE DELGADO VELEZ___

EN LA CUAL SE CONTIENEN LOS SIGUIENTES DATOS:

## ACTA DE NACIMIENTO

| JAHAY | HERNANDEZ | HERNANDEZ |
|---|---|---|
| NOMBRE | PRIMER APELLIDO | SEGUNDO APELLIDO |

FECHA DE NACIMIENTO ___22 DE MAYO DE 1999.___ HORA ___03.55___

PRESENTADO: VIVO ⊗ MUERTO ○ SEXO: MASCULINO ⊗ FEMENINO ○

LUGAR DE NACIMIENTO ___MAZATLAN    SINALOA___

COMPARECIO: EL PADRE ○ LA MADRE ○ AMBOS ⊗ PERSONA DISTINTA ○ REGISTRADO ○

### PADRES

NOMBRE ___JOEL HERNANDEZ CASTELLANOS.___ EDAD ___30___ NACIONALIDAD ___MEXICANA___

NOMBRE ___CRISANTA HERNANDEZ TAPIA.___ EDAD ___30___ NACIONALIDAD ___"___

### ABUELOS

ABUELO PATERNO ___JOSE ROSARIO HERNANDEZ (FINADO)___ NACIONALIDAD ___"___

ABUELA PATERNA ___SOLEDAD CASTELLANOS.___ NACIONALIDAD ___"___

ABUELO MATERNO ___INOCENTE HERNANDEZ MARTINEZ.___ NACIONALIDAD ___"___

ABUELA MATERNA ___FRANCISCA TAPIA BARRON.___ NACIONALIDAD ___"___

### TESTIGOS

NOMBRE ___LUIS T. GOMEZ.___ EDAD ___32___ NACIONALIDAD ___"___

NOMBRE ___JORGE A. MONCADA.___ EDAD ___27___ NACIONALIDAD ___"___

No. DE CERTIFICADO DE NACIMIENTO _____ C.U.R.P. ___25012109900965 6___

### PERSONA DISTINTA DE LOS PADRES QUE PRESENTA AL REGISTRADO

NOMBRE _____ EDAD _____ PARENTESCO _____

SE EXTIENDE ESTA CERTIFICACION, EN CUMPLIMIENTO DEL ARTICULO 47 DEL CODIGO

CIVIL VIGENTE EN EL ESTADO, EN ___MAZATLAN SINALOA___

___MEXICO___ A LOS ___29___ DIAS DEL MES DE ___AGOSTO___

DE ___2000___ DOY FE.

EL OFICIAL ___10___ DEL REGISTRO CIVIL

LIC. MARIA GUADALUPE DELGADO VELEZ.

NOMBRE                          FIRMA

SELLO DE LA OFICIALIA DEL REGISTRO CIVIL

OFICIALIA 10 DEL REGISTRO CIVIL

MAZAT... SINA...

DEFENDANT'S EXHIBIT 3

## TRANSLATION FROM SPANISH INTO ENGLISH

Coat of Arms of the Republic of Mexico.
### ESTADOS UNIDOS MEJICANOS

Civil Registry
State of Sinaloa

A - 563678

In the name of the free and sovereign State of Sinaloa and as Clerk No. 10 of the Civil Registry of this municipality, I hereby certify: that Book No. 01 of the Records of Births of this Office of the Civil Registry under my charge, page 337516 , shows an entry number 00965 , recorded on 06/29/99 by the clerk of the Civil Registry MARIA GUADALUPE DELGADO VELEZ that contains the following information:

---

## BIRTH CERTIFICATE

| JAHAY | | HERNANDEZ | HERNANDEZ |
|---|---|---|---|
| Name | Middle Name | Father's Surname | Mother's Surname |

Date of Birth: MAY 22, 1999 Time: 03:55
Shown: Alive (x) Dead ( ) Sex: Male (x) Female ( )
Place of Birth: MAZATLAN SINALOA
Appearance by: father ( ) mother (x) both ( ) other ( ) individual registered ( )

### PARENTS
Name JOEL HERNANDEZ CASTELLANOS Age 30 Nationality MEXICAN
Name CRISANTA HERNANDEZ TAPIA Age 30 Nationality MEXICAN

### GRANDPARENTS
Paternal grandfather JOSE ROSARIO HERNANDEZ (DECEASED) Nationality MEXICAN
Paternal grandmother SOLEDAD CASTELLANOS Nationality MEXICAN
Maternal grandfather INOCENTE HERNANDEZ MARTINEZ Nationality MEXICAN
Maternal grandmother FRANCISCA TAPIA BARRON Nationality MEXICAN

### WITNESSES
Name LUIS T. GOMEZ Age 32 Nationality MEXICAN
Name JORGE A. MONCADA Age 27 Nationality MEXICAN
Birth Certificate Number C.U.R.P. 25012109900965 6
Person other than the parents presenting the individual whose birth is being registered

**Translation and Interpretation Unit • Office of the Federal Public Defender**

DEFENDANT'S
EXHIBIT
3

**TRANSLATION FROM SPANISH INTO ENGLISH**

Name: _____    Age _____    Relation _____

This certificate is issued pursuant to Article 47 of the State Civil Code in effect, at _

MAZATLAN   SINALOA    MEXICO    on the   29<u>th</u>   day in the month of ____August 2000_____

_

Clerk of the Civil Registry

MARIA GUADALUPE DELGADO VELEZ_____ /s/ Signature_____

Name                                                      Signature

Seal of the Office of the Civil Registry.

The document bears an impression of the inking seal of the Civil Registry.



ESTADOS UNIDOS MEXICANOS
REGISTRO CIVIL
ESTADO DE SINALOA

**FOLIO** 774024

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE SINALOA Y COMO OFICIAL ____ **-04**

DEL REGISTRO CIVIL DE ESTE MUNICIPIO CERTIFICO: SER CIERTO QUE EN EL LIBRO

NUMERO ____ **-01** ____ DE MATRIMONIOS DE LA OFICIALIA DEL REGISTRO CIVIL

QUE ES A MI CARGO, EN LA FOJA ____ **82** ____ SE ENCUENTRA ASENTADA EL

ACTA NUMERO **0004** ____ LEVANTADA EL DIA **22-06-1996** POR EL C. OFICIAL DEL

LIC.LUIS A. GARCIA PEINADO _AL SE CONTIENEN LOS SIGUIENTES DATOS:

## ACTA DE MATRIMONIO
### CONTRAYENTES

NOMBRE DEL CONTRAYENTE _JOEL HERNANDEZ CASTELLANOS_ EDAD ____ 27 años

LUGAR DE NACIMIENTO _VILLA UNION,MAZ,SINALOA._ NACIONALIDAD mexicana

NOMBRE DE LA CONTRAYENTE CRISANTA HERNANDEZ TAPIA ____ EDAD ____ 27 años

LUGAR DE NACIMIENTO _VILLA UNION,MAZ,SINALOA._ NACIONALIDAD mexicana

### PADRES DEL CONTRAYENTE

NOMBRE DEL PADRE _JOSE ROSARIO HERNANDEZ_ NACIONALIDAD mexicana

NOMBRE DE LA MADRE _SOLEDAD CASTELLANOS_ NACIONALIDAD mexicana

### PADRES DE LA CONTRAYENTE

NOMBRE DEL PADRE _INOCENTE HERNANDEZ_ NACIONALIDAD mexicana

NOMBRE DE LA MADRE _FRANCISCA TAPIA BARRON_ NACIONALIDAD mexicana

### TESTIGOS DE LOS CONTRAYENTES

NOMBRE ROSA MARIA HERNANDEZ TAPIA EDAD 32 años NACIONALIDAD mexicana

NOMBRE Mª. VALENTINA CORONA CASTAÑEDA 28 años NACIONALIDAD mexicana

NOMBRE ARNULFO PEREZ GALINDO EDAD 31 años NACIONALIDAD mexicana

NOMBRE SAUL MARIN LOPEZ EDAD 26 años NACIONALIDAD mexicana

NOMBRE(S) DE LA(S) PERSONA(S) QUE DA(N) SU CONSENTIMIENTO POR MINORIA DE EDAD DEL(OS) CONTRAYENTE(S)
- - - - -

AUTORIZACION DE LA SECRETARIA DE GOBERNACION EN EL CASO DE CONTRAYENTE(S) EXTRANJERO(S)

ESTE CONTRATO DE MATRIMONIO ESTA SUJETO AL REGIMEN DE

SOCIEDAD CONYUGAL (X)     SEPARACION DE BIENES ( )

SE EXTIENDE ESTA CERTIFICACION, EN CUMPLIMIENTO DEL ARTICULO 147 DEL CODIGO

CIVIL VIGENTE EN EL ESTADO, EN _VILLA UNION,MAZ,SINALOA._

A LOS ____ 28 ____ DIAS DEL MES DE ____ agosto ____ DE ____ 2000 ____ DOY FE:

EL OFICIAL ____ 04 ____ DEL REGISTRO CIVIL

LIC.LUIS ALBERTO GARCIA PEINADO.
NOMBRE                                   FIRMA

SELLO DE LA OFICIALIA
DEL REGISTRO CIVIL

VILLA UNION

**DEFENDANT'S EXHIBIT 4**

HID-10

**TRANSLATION FROM SPANISH INTO ENGLISH**

Coat of Arms of the Republic of Mexico.
**ESTADOS UNIDOS MEJICANOS**

Civil Registry
State of Sinaloa

Page **774024**

In the name of the free and sovereign State of Sinaloa and as Clerk No. 04 of the Civil Registry of this municipality, I hereby certify: that Book No. 01 of the Book of Marriages of this Office of the Civil Registry under my charge, page 02, shows an entry number [illegible], recorded on 06/22/1996 by the clerk of the Civil Registry LUIS A. GARCIA PEINADO that contains the following information:

---

## MARRIAGE RECORD

Bride and Groom

Name of the Groom: JOEL HERNANDEZ CASTELLANOS    Age    27   years
Place of Birth: VILLA UNION, MAZ, SINALOA    Nationality    MEXICAN
Name of the Bride: CRISANTA HERNANDEZ TAPIA    Age    27   years
Place of Birth: VILLA UNION, MAZ, SINALOA    Nationality    MEXICAN

Parents of the Bride and Groom

Name of the Groom's father: JOSE ROSARIO HERNANDEZ    Nationality    MEXICAN
Name of the Groom's mother: SOLEDAD CASTELLANOS    Nationality    MEXICAN
Name of the Bride's father: INOCENTE HERNANDEZ    Nationality    MEXICAN
Name of the Bride's mother: FRANCISCA TAPIA BARRON    Nationality    MEXICAN

Witnesses

Name ROSA MARIA HERNANDEZ TAPIA    Age: 32 yrs. Nationality    MEXICAN
Name M.. VALENTINA CORONO CASTAÑEDA Age: 20 yrs. Nationality    MEXICAN
Name ARNULFO PEREZ GALINDO    Age: 31 yrs. Nationality    MEXICAN
Name SAUL MARIN LOPEZ    Age: 26 yrs. Nationality    MEXICAN
Name(s) of the person(s) authorizing the marriage of the minor party(ies)

---

Authorization from the Department of State for the marriage of alien(s)

---

This marriage contract is subject to the system of
(X) *Community Property*    ( ) *Separation of Property*

**Translation and Interpretation Unit • Office of the Federal Public Defender**

**DEFENDANT'S EXHIBIT 4**

**TRANSLATION FROM SPANISH INTO ENGLISH**

This certificate is issued pursuant to Article 147 of the State Civil Code in effect, at <u>VILLA UNION, MAZ, SINALOA</u> on the <u>28th</u> day in the month of <u>August, 2000</u>.
Clerk No. <u>04</u> of the Civil Registry

| <u>LUIS ALBERTO GARCIA PEINADO</u> | <u>/s/ Signature</u> |
| --- | --- |
| Name | Signature |

Seal of the Office of the Civil Registry.
The document bears an impression of the inking seal of the Civil Registry.

F.:AguadoM 2000 Translations\Wilcox Hernandez Castellanos. Joel - Brith Certificates .wpd8/1238

A QUIEN CORRESPONDA

CRISANTA HERNANDEZ TAPIA, mexicana casada, mayor de edad, originaria de la Sindicatura de Villa Unión, Sinaloa y vecina de esta ciudad, con domicilio actual en Calle Teodoro Marriscal Num.- 815 del Fraccionamiento Flamingos, ante Usted con el debido respeto comparezco y :

### EXPONGO

Que por medio del presente escrito vengo ha hacer de su conocimiento que soy una mujer sola y enferma, ya que tengo una lesión en la columna vertebral, lo cual me impide que pueda realizar alguna actividad laboral que me remuriere alguna cantidad de dinero para poder sufragar tanto las necesidades mas apremiantes de la suscrita como de mis tres menores hijos los cuales llevan por nombres MARIO ALEJANDRO MISAEL LEVI Y JAHAY, el primero de apellidos CRUZ HERNANDEZ y los dos restantes HERNANDEZ HERNANDEZ, los cuales cuentan con 10, 2 y 1 años de edad respectivamente, como se puede apreciar son menores de edad y por consiguiente necesitan los cuidados y el cariño de su madre, haciendo esto mas critica aún mi situación, ya que de por si no puedo trabajar por mi lesión mucho menos dejar los solos.

Aunado a esto que la casa-habitacion en la que vivo en compañia de mis hijos ya citados es de alquiler y debo varios meses por lo que tengo el temor fundado de que en cualquier momento su propietario nos arroje a la calle y nos quedemos completamente a la interperie entonces si que va a ser de nosotros.

Es por lo que nos es completamente indispensable la presencia de mi esposo y padre de mis hijos el Sr. JOEL HERNANDEZ CATELLANOS, ya que él siempre ha sido un hombre que nos a tratado con amor y cariño, siendo el sosten de la casa en todos los aspectos y sin su ayuda nos encontramos desorientados y sin saber que hacer.

Verdaderamente lo extrañamos, nuestros hijos se encuentran decaidos, ya no juegan, ni les diverte nada, MARIO ALEJANDRO ya no quiere ir a la escuela, inclusive se llevan llorando todo el dia por la falta de su padre y en virtud de que no contamos con los medios suficientes para sufragar los gastos mas apremiantes de una familia, temo que por la falta de alimentacion nos enfermemos.

Es por lo que a nombre de la suscrita y de nuestros menores hijos pedimos que sean benevolos y tengan clemencia para el Sr JOEL HERNANDEZ CASTELLANOS nuestro esposo y padre ya que lo necesitamos con nosotros para volver a ser una familia completa, ya que siempre ha desempeño una conducta honesta y

DEFENDANT'S
EXHIBIT
5

responsable durante todo el tiempo que ha estado con nosotros y aun
mucho antes de que le de su voz me uniera en matrimonio civil con el
prueba de ello es que formamos un hogar.

Para tal efecto y para acreditar la veracidad
de lo anteriormente narrado, acompaño al presente los siguientes
documentos:

1.- DOCUMENTAL PUBLICA - Consistente
en su copia debidamente certificada del acta de matrimonio civil
levantada por el C. Oficial del Registro Civil de al Sindicatura de Villa
Unión Mazatlán Sinaloa.

DOCUMENTAL PUBLICA - Consistente
en copia debidamente certificada del acta de nacimiento de nuestro
menor hijo MARIO ALEJANDRO, levantada con fecha 28 de junio de
1996, con Num - de folio A 455620 por el C. Oficial 04 del mismo
poblado.

3.- DOCUMENTAL PUBLICA - Consistente
en la copia debidamente certificada del acta de nacimiento de nuestro
menor hijo MISAEL TOBY, levantada con fecha 25 de Noviembre del
año de 1997, ante el C. Oficial num - del Registro Civil de la ciudad
de Mazatlán Sinaloa.

4.- DOCUMENTAL PUBLICA - Consistente
en la copia debidamente certificada del acta de nacimiento de nuestro
menor hijo UHAY, levantada con fecha 29 de junio del año de 1999,
por el Oficial del mismo de la anterior documental.

Sin mas por el momento y en espera de su
comprensión, queda de Usted su atento y seguro servidor.

RESPETUOSAMENTE.
Mazatlán, Sinaloa a 31 de agosto del 2000.

CRISTINA HERNANDEZ TAPIA

ɩ

## TRANSLATION FROM SPANISH INTO ENGLISH

TO WHOM IT MAY CONCERN:

CRISANTA HERNANDEZ TAPIA, Mexican, married, of legal age, who is originally from the Villa Union Trusteeship, Sinaloa and resident of this city, whose current address is Calle Teodoro Marriscal No. - 815 del Fraccionamiento Flamingos. With all due respect, I appeared before you and

### SET FORTH THAT:

I hereby make you aware that I am an alone and ill woman since I have an injury in the spinal column which prevents me from performing certain work activities that remunerate some money to defray both the undersigned's most urgent needs as well as that of my three minor children who are named MARIO ALEJANDRO, MISAEL LEVIT AND JAHAY. The last names of the first one are CRUZ HERNANDEZ and of two remaining are HERNANDEZ HERNANDEZ, who are 10, 2 and 1 years old respectively. As you can see, they are minors, and consequently they need their mother's care and affection. Thus, aggravating my situation even more, since as it is already, I can not work because of my injury, much less to leave them alone.

In addition, the boardinghouse where I live together with my aforementioned children its rented and I owe several months; thus, I'm reasonably afraid that the owner is going to throws us out and what's going to happen to us if we are left completely homeless!

This is why it's completely necessary for us to have Mr. JOEL HERNANDEZ CASTELLANOS' presence, my husband and father of my children, because he has always been a man who treated us with love and affection. He supported the house in every aspect and we are disoriented and don't know what to do without his assistance.

We truly miss him. Our kids are feeling down, they don't play anymore, nor anything diverts

DEFENDANT'S
EXHIBIT
5

## TRANSLATION FROM SPANISH INTO ENGLISH

them. MARIO ALEJADRO does not want to go to school anymore. They even spend the day crying for their father's absence and because we don't have enough means to defray the family's most urgent expenses, I'm afraid we might get sick for lack of food.

Thus, on behalf of the undersigned and on behalf of our minor kids, we ask you to be benevolent and to have mercy on Mr. JOEL HERNANDEZ CASTELLANOS, our husband and father, because we need him with us to be a complete family again; since he has always had an honest and responsible behavior during the entire time he has been with us and even way before we were pronounced married by a civil ceremony. The proof of it is that we make up a family.

For that purpose and to prove the truthfulness of what has been previously narrated, I'm enclosing the following documents:

1. PUBLIC RECORD which consists of a copy of the marriage certificate duly notarized which was recorded by the C. officer(sic) of the registry of Villa Union Trusteeship.

2. PUBLIC RECORD which consists of a copy of the birth certificate duly notarized of our minor son, MARIO ALEJANDRO, recorded on June 28, 1990. Folio No A453620 by the C. officer 04 (sic) from the town.

3. PUBLIC RECORD which consists of a copy of the birth certificate duly notarized of our minor son, MISAEL LEVIT, recorded on November 25, 1997. Folio No A453620 before the C. officer (sic) 10 of the registry of the city of MAZATLAN, SINALOA.

4. PUBLIC RECORD which consists of a copy of the birth certificate duly notarized of our minor son, JAHAY, recorded on June 29, 1999   by the previously cited C. officer (sic) in the aforementioned public record .

Without anything further and awaiting your understanding, yours faithfully.

## TRANSLATION FROM SPANISH INTO ENGLISH

RESPECTFULLY,

MAZATLAN, SINALOA ON AUGUST 31, 2000

CRISANTA HERNANDEZ TAPIA

*Certificate of Accuracy*                    *Jurat*

*The undersigned, declares under oath*        State of Florida) SS. County of Dade

*that the foregoing is an accurate and true*  *Subscribed and Sworn to before me this*

*translation of the original document and*    29th Day of September A.D., 2000

*whole thereof* _____ /2000

*(L.S.) LISSY PENTZKE*                         BY Lissy Pentzke

*Professional Translator. Professional*        who is / are known to me or has /have pro

*Certificate in legal Translation and Court*   duced  Personally known

*Interpreting from Florida International*       As identification.

*University. Eleventh Judicial Circuit*         Ana J Shore

*Court Interpreter/Translator Certification*

*Board Certificate. Accredited by*

*Consortium for State Court Interpreters*

*Certification.*

ANA I. SHORE
My Comm Exp 2/25/2002
No. CC 719792
Personally Known [ ] Other [ D